|  FRANCES HOLLIS |  |
| BY HER NEXT FRIEND | |
| vs. | DECEMBER TERM, 1849. |
| THOS. I. HAYES AND AMOS HOLLIS. | |

[VACATING CONVEYANCE—RESULTING TRUST—STATUTE OF FRAUDS.]

THE circumstances which will warrant the court in setting aside a conveyance actually executed, must be much stronger than would be required to induce it to withhold its aid, if applied to, to compel an execution of a mere agreement to convey.

Inadequacy of price may be so gross and manifest, as to induce the court to set aside a conveyance actually made.

Where the consideration for a conveyance is paid by one, not a party to the instrument, there is a resulting trust in his favor—a trust implied by law, from the presumed intention of the parties, and the obvious justice of the case; which may be proved by parol being excepted from the statute of frauds.

---

[The complainant in this case, who was a *feme covert*, and sued by her next friend, was, in her own right, seized and possessed in fee, at the time of her marriage, of a parcel of land containing about one hundred acres, and worth about $1700. Sometime after her marriage, she separated from her husband, who was a man of prodigal and intemperate habits, and the interest acquired by him in her land, was afterwards taken in execution for his debts, and sold at constable's sale to Thomas Hendon. In the year 1836, the complainant induced the defendant, Hayes, who had married her niece, to purchase of Hendon the interest sold to him as above mentioned; and

to enable him to obtain the money required for the purchase, she, together with her husband, executed to him a deed of conveyance of the land, which he mortgaged to Mrs. Herbert, from whom he borrowed the money, as a security for its repayment.

The amount of the money thus raised upon the mortgage was $150, of which, $100 was paid to Hendon on account of the land, and the rest was paid to him, for some articles of personal property, which had been also sold for the husband's debts and purchased by said Hendon. The deed from Hendon to Hayes was absolute on the face of it, as was also the one from the complainant and her husband to him, and although a money consideration was expressed in the latter, none was ever paid.

The defendant Hayes, claiming to hold the absolute estate in the property conveyed by these deeds, the complainant instituted this suit against him, contending, that the object of the whole transaction, was, by conveying the property to the defendant, Thomas I. Hayes, in trust for her separate use, to secure it from the further execution for her husband's debts, (his interest therein having been several times sold by his creditors, and redeemed by her,) and 'that, although there was no such trust expressed in the deeds, it was the clear understanding with Hayes, that he was to take the estate conveyed by them, subject thereto, the complainant prayed that Hayes might be declared to hold the property in trust for her separate use ; that he should be compelled to convey the same to a new trustee, and account for the profits received from it by him ; and for general relief. By a supplemental bill afterwards filed, she prayed that the deed from herself, and her husband, might be declared void, and that she might be declared to hold the property to her separate use. The defendant, in his answer, denied the trust, and relied also upon the statute of frauds.

In addition to the above facts, disclosed by the pleadings and proofs in the cause, it was also proved, that the complainant was an aged woman, and unacquainted with business matters ; and that, whilst the negotiation was pending, Hayes

said that it was for the "use" or "the good" of the complainant. It was proved further, that the complainant at the time of executing the deed, expressed herself entirely satisfied with it ; but that nothing was said at the time, of any trust.]

THE CHANCELLOR:

That the defendant Hayes, if his deed is allowed to stand, will have acquired a property, at a price greatly below its value, even if he pays the $100 to Mrs. Herbert, out of his pocket, is clear beyond controversy. He paid but $100 for the land, and there is no witness, who does not estimate it to be worth $1400, whilst one of them carries it as high as $2000. The average of the estimates is not much, if any, below $1750, The contract, therefore, appears to be grossly against conscience, unreasonable, and oppressive, and there can be no question, as it seems to me, that if the defendant in this case, was a complainant seeking to enforce such a contract, the court would refuse to enforce it, upon the ground of the great inadequacy of the price. But this is a case, in which an attempt is made to set aside a conveyance actually executed, and the circumstances which will warrant the court in executing such a power, must be much stronger than would be required to induce it to withhold its aid, if applied to, to compel an execution of a mere agreement to convey. The inadequacy of price, may, however, be so great, as to induce the court to vacate a conveyance actually made. The difference between the price paid, and the value of the thing purchased, may be so gross and manifest, that, as said by a distinguished writer on this branch of the law, "it must be impossible to state it to a man of common sense, without producing an exclamation at the inequality of it." *Sugden on Vendors*, 193.

The idea of fraud, or undue imposition, or of some circumstance which vitally affects the *bona fides* of the transaction, necessarily and unavoidably presents itself, when the property is parted with upon terms so utterly disproportioned to its value.

It is not, however, deemed necessary to decide in this case,

whether the conveyance to the defendant Hayes, would be avoided upon the ground of inadequacy of price, as it seems to me, that there are other grounds upon which the relief sought by the bill might be granted, if the case was in a condition for a final decree.

The bill alleges, and the evidence shows, that the consideration for the conveyance was paid by the complainant, or borrowed upon the credit of her title, and, therefore, that there is a resulting trust in her favor, a trust implied by law, from the' presumed intention of the parties, and the obvious jnstice of the case, and if such is the case, the statute of frauds relied upon in the answer, is no defence, these trusts being excepted from its operation. 4 *Kent's Com.*, 305 ; *Dorsey* vs. *Clarke,* 4 *H. & J.,* 551, 556.

That such trusts do result, and that parol evidence is admissible to establish the facts upon which they arise, not only against the deed, but in opposition to the answer, has been shown by Chancellor Kent upon a careful review of the cases. *Boyd* vs. *McLean,* 1 *Johns. Ch. Rep.,* 582.

The inclination of my mind, therefore, is, that there is a resulting trust in this case in favor of the complainant, and I might proceed at once to pass such a decree, but it seems to me to be proper before any final decision is made, that the mortgagee who advanced the money with which Hendon was paid, should be before the court, as it does not very clearly appear what effect such a decision may have upon the mortgage.

That mortgage was executed by Hayes, as the absolute owner of the property, and a decree pronouncing him to be only the trustee of the complainant, or vacating the conveyance to him, and appointing a new trustee, might so affect the validity or operation of the mortgage, as to require the presence of the mortgagee as a party to the bill. This is a question which is certainly not meant to be decided now, nor any intimation even given of the impression which may have been made upon the mind of the court; all that is intended at this time to be said is, that it is thought advisable that the mortgagee should be brought in as a party ; and the case will be

ordered to stand over, with liberty to amend the bill to that effect.

———

. [The required amendment having been made, and some additional testimony, (not materially varying the merits of the case) having been filed, the case was again submitted to the Chancellor, who thereupon passed a decree requiring Hayes to convey the property in dispute to a new trustee, to be held by the latter for the sole and separate use of the complainant—subject to the mortgage debt of Mrs. Herbert ; and said Hayes was decreed to account with the new trustee for the profits of the estate received by him, from the time it came into his possession to the time of his delivering it up to the new trustee, subject to such allowances as he might prove himself entitled to.]

———

[The decree in this case was reversed upon appeal.]